THE STATE v. OVERSTREET, *Appellant.*

Division Two, May 21, 1895.

1. **Practice, Criminal:** SPECIAL GRAND JURY: PRESUMPTION. It will not be presumed that the trial court impaneled a special grand jury before the discharge of the regular one.

2. ——: ——: DISCRETION OF COURT. The impaneling of a special grand jury is a matter within the discretion of the trial court, and, like all matters of discretion, its action in such cases will not be reviewed on appeal, unless its discretion has been abused.

3. ——: ——: JURISDICTION. A special grand jury is not restricted in its investigations exclusively to those offenses which have been committed since the adjournment of the regular grand jury, but, when impaneled, it may inquire and make presentment of any offense committed within the jurisdiction of the court, which is not barred by the statute of limitations.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Zach. J. Mitchell* for appellant.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1)  The instructions given by the court upon his own motion are those usually given in cases of this character, follow the forms ofttimes approved by this court, and cover very fully all the issues presented by the testimony.  Nor are they subject to the criticism of the appellant that they were erroneous, conflicting or so voluminous as to confound and confuse the jury in reaching a verdict.  (2)  The evidence in this case supports the finding of the jury; the guilt of the defendant is clearly established, and the judgment will not be reversed because the verdict is against the evidence. The rule is that where there is sufficient evidence from which the guilt of the defendant may reasonably be inferred, this court will not interfere to reverse a judgment, where the jury and trial court have found the evidence sufficient.  *State v. Cantlin*, 118 Mo. 100. (3)  The court very properly overruled the motion to quash, filed by the defendant.  The statute, section 4084, Revised Statutes, 1889, especially provides for and authorizes the court to impanel a second or special grand jury, and this court has held that, under this section of the statute, the court is authorized to impanel a special grand jury at an adjourned term.  *State v. Sweeney*, 68 Mo. 96.  In this case it appears from the record that, after the adjournment of the regular grand jury, the facts came to the knowledge of the prosecuting attorney which, in his opinion, would authorize an indictment for this offense; that the court thereupon issued an order of record that a *venire* for a panel of a special grand jury be issued to the sheriff, which was done and the jury impaneled.  This was a matter within the discretion of the trial court, and, like all

matters of discretion, will not be reviewed here, unless abused. It is true that the record does not show the discharge of the regular jury. This was unnecessary, for, in the absence of anything to the contrary, it will be presumed that the regular jury had been discharged, and that the conditions authorizing the impaneling of a special grand jury existed. *State v. Dusenberry*, 112 Mo. 289.

GANTT, P. J.—This is an appeal from the circuit court of St. Louis county. The defendant was convicted of larceny from a dwelling house. He has filed no brief, but an examination of the record discloses that the only exceptions open for review here are the refusal of the circuit court to quash the indictment, and the giving of instructions.

I. No specific error in any instructions has been pointed out and a careful scrutiny has discovered none. They are simple, plain and correct.

II. The defendant seems to have relied chiefly upon his motion to quash the indictment because it was preferred by a special grand jury, impaneled and sworn after the regular grand jury for the term had been discharged, for an offense alleged to have been committed prior to the impaneling of the regular grand jury. There is no merit whatever in the point. The motion on its face recites the adjournment of the regular grand jury, and if it did not, it would be presumed in favor of the jurisdiction of a court of general jurisdiction. *State v. Dusenberry*, 112 Mo. 289.

In this case it affirmatively appears from the record that after the adjournment of the regular grand jury, the facts came to the knowledge of the prosecuting attorney which, in his opinion, would authorize an indictment for this offense; that the court thereupon issued an order of record that a *venire* for a panel of

a special grand jury be issued to the sheriff, which was done and the jury impaneled. This was a matter within the discretion of the trial court, and, like all matters of discretion, will not be reviewed here, unless abused.

We know of no law that restricts the investigation of a special grand jury to those offenses only which are committed after the regular grand jury adjourns. When once duly impaneled they may inquire and presentment make of any offense committed within the jurisdiction of the court, not barred by the statute of limitations.

The judgment is affirmed. BURGESS and SHERWOOD, JJ., concur.